UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK MICHAEL BELIVEAU,

    Plaintiff,

v.                                                                                  Case No. 1:06-CV-700

JOHN S. RUBITSCHUN, et al.,                              HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objection and Supplementary Objections to the report and recommendation dated November 15, 2006, in which Magistrate Judge Greeley recommended that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claim. In particular, the magistrate judge concluded that Plaintiff has no liberty interest in being released on parole under Michigan's parole system; that the presence of specific parole guidelines does not change this conclusion; that Plaintiff's allegations regarding inaccurate or incomplete information in the consideration of Plaintiff's eligibility did not give rise to a constitutional violation; and that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

The primary thrust of Plaintiff's objections is that the magistrate judge erroneously focused upon whether Plaintiff has a liberty interest in parole under Michigan's system, when, in fact, he never alleged in his complaint that he had a liberty interest and never raised the issue. Plaintiff

asserts that the basis for his claim is that his due process rights were violated when the Parole Board gave a reason for departing from the guidelines by specifying a reason that was not substantial and compelling as required by M.C.L.A. § 791.233e(6).

The problem with Plaintiff's argument is that it ignores the requirement that in order to succeed on a due process claim, Plaintiff "must show that the state deprived him or her of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Swihart v. Wilkinson*, No. 05-4269, 2006 WL 3368823, at *2 (6th Cir. Nov. 21, 2006). *See also Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006) ("Importantly, procedural due process rights are only violated when a *protected* liberty or property interest is denied without adequate hearing.")  Thus, the magistrate judge's discussion and analysis regarding Plaintiff's lack of a liberty interest in parole was not misplaced, as Plaintiff suggests.

Although he cites several cases, none of them establishes that Plaintiff has a liberty interest in parole.  For example, while *Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242 (2005), holds that a plaintiff may bring a challenge to the procedures used by a parole board under § 1983, *Wilkinson* did not address whether the plaintiff in that case stated a claim for a due process violation. Therefore, *Wilkinson* did not overrule *Sweeton v. Brown*, 27 F.3d 1162 (6th Cir. 1994) (en banc), as Plaintiff suggests.  Similarly, *Beebe v. Heil*, 333 F. Supp. 2d 1011 (D. Colo. 2004), and *Buhrman v. Wilkinson*, 257 F. Supp.2d 1110 (S.D. Ohio 2003), are distinguishable and do not support Plaintiff's claim.  In *Beebe*, the Plaintiff's due process claim concerned his termination from a sex offender treatment program, participation in which Colorado law as a condition for consideration of parole.  *See Beebe*, 333 F. Supp.2d at 1016.  The court examined the language of the statute, which mandated participation in a treatment program, and concluded that the plaintiff's allegations

stated a cognizable liberty interest for purposes of a due process claim. *See id.* at 1017. In *Buhrman*, the plaintiff alleged that the parole board violated his due process rights by filing to give him and his attorney notice of the full parole board hearing. The court noted that while the State of Ohio had not given the plaintiff either the right to parole or the right to be present at a parole eligibility hearing, it did give him the right to be represented by counsel. *See* 257 F. Supp. 2d at 1123. Again, there is no such violation alleged in this case.

Plaintiff also appears to contend that his right to due process has been violated because Michigan prisoners may no longer appeal a parole denial. Any such claim would fail, however, because Plaintiff does not have a constitutionally protected liberty interest in the procedural requirements of state law where the state's discretion to deny parole is broad, as it is in Michigan. *See Sweeton*, 27 F.3d at 1164-65. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 15, 2006 (docket no. 6) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and 42 U.S.C. § 1997e(c) for failure to state a claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which are **DISMISSED WITHOUT PREJUDICE**. Finally, this Court finds no good-faith basis for an appeal of this matter within 28 U.S.C. § 1915(a)(3).

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

This case is **concluded**.

Dated: January 19, 2007                           /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE